### E. W. Richmond, Appellee, v. B. M. Hill et al., Appellants.

### Gen. No. 14,476.

1.   CORPORATIONS—*right of stockholder to examine books.* A holder of a small amount of stock has as much right to examine the books of a corporation as has the owner of a large amount.

2.   CORPORATIONS—*when denial of examination of books proper.* It is proper for the officers of a corporation to deny to one having no pecuniary interest in the stock of a corporation the right to examine its books; likewise, it is proper to deny such examination to one acting for a corporation not shown to have the legal authority to own such stock.

*Mandamus.* Appeal from the Circuit Court of Cook county; the Hon. M. W. PINCKNEY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1908. Reversed and remanded with directions. Opinion filed April 20, 1909. Rehearing denied May 4, 1909.

THOMAN, HARNWELL & PEARSONS and EDWIN WHITE MOORE, for appellants.

HENRY T. CHACE, JR., for appellee.

MR. JUSTICE CHYTRAUS delivered the opinion of the court.

Upon the petition of appellee, the Circuit Court of Cook county granted a peremptory writ of *mandamus*, directed to appellants, Hair and Hill, the former being president and the latter secretary and treasurer of the Northwestern Yeast Company. From that judgment Hair and Hill are here as appellants. The petition alleges that appellants have the custody of the books, papers and records of the company and that appellee, a stockholder, desired to inspect certain books, records and papers of the company, but was refused an opportunity to do so. By the amended answer, custody of the books, records and papers by appellants, a demand by appellee upon appellants to see the books and a list of the stockholders, and a refusal of such demand are admitted. The amended answer then, among other things not now material, sets up that appellee is but the apparent and not the real owner of five shares of stock in the Yeast Company; that it is by virtue of his ownership of these shares that he makes his claim of right of inspection; that appellee is an employe of Burnham, Butler & Co., an Illinois corporation, engaged in business as a stock broker in the city of Chicago; and that Burnham, Butler & Co. on or about November 1, 1907, with its money, bought these five shares of stock and placed them in the name of appellee, who has no interest therein whatever, to hold for it, in order that the true ownership of the shares might be concealed. To this answer appellee interposed a demurrer and thereby, for present purposes, admitted the truth of the statements in the answer.

It is the duty of officers and directors of corporations to serve the stockholders, as the beneficiaries of their trust, not only honestly and faithfully but without concealment and secrecy. The relation between them is a fiduciary relation. A stockholder owning but a few

of the shares of the corporation's capital stock is no more to be shut out by its officers from knowledge and information relating to the conduct of its business, than is one holding a majority of its stock. The proposition that officers may conceal or secrete information no more from the minority than from the majority of the stockholders is so obviously true that it needs but to be stated to be admitted by every reasonable and impartial mind. It is held in Stone v. Kellogg, 165 Ill. 192, 205, that the shareholder in a corporation is not required to show any reason or occasion rendering an examination by him of the corporation's books and papers opportune and proper, or that it is for a definite or legitimate purpose, in order to be entitled or permitted to make inspection or examination thereof. At the same time, as is also there held, the right of inspection and examination must be exercised at reasonable and proper times and the inspection or examination cannot be from merely idle curiosity or for any improper or unlawful purpose. "In all other respects the statutory right is absolute." The custodian of the books and papers cannot question or inquire into the stockholder's motives and purposes. "If he has reason to believe that they are improper or illegitimate, and refuses inspection on this ground, he assumes the burden to prove them such."

We are of the opinion that, in the case at bar, appellants, by their answer, presented a good and sufficient reason for not permitting an inspection and examination of the Yeast Company's books and papers by appellee. They undertook the burden of establishing the reason by evidence; but the interposition of the demurrer rendered evidence unnecessary. Appellee admittedly has no pecuniary interest in the Yeast Company. His examination would, necessarily, be made either out of idle curiosity, if not for some worse purpose, or as the agent and representative of Burnham, Butler & Co. The former purpose does not permit, under the law, an examination. As the representa-

tive of Burnham, Butler & Co. he can obtain no aid from the courts, through a writ of *mandamus,* to make such examination, for it is unlawful for Burnham, Butler & Co. to own any stock in the Yeast Company. In Illinois it is well settled that one corporation cannot, as a general rule, hold stock in another. Dunbar v. American Telegraph Company, 224 Ill. 9. One exception to that general rule, however, is when the corporation's charter permits the corporation to own and hold stock in other corporations. If Burnham, Butler & Co. possesses such charter power it may be pleaded in reply. Without proof of such power the Circuit Court could not, on the record now before us, issue the writ of *mandamus* prayed for. The judgment of the Circuit Court is reversed and the case is remanded with directions that the demurrer interposed to respondents' answer be overruled and for further proceedings as may not be inconsistent with this opinion.

*Reversed and remanded with directions.*